**CSD 1000** [12/01/03]
Name, Address, Telephone No. & I.D. No.

Andrew Paul Williams
12641 Antioch Rd. Suite #1045
Overland Park KS 66213
(619) 796-6469

FILED

2026 MAY 12 PM 2 47

CLERK
U.S. BANKRUPTCY CT.
SO DIST. OF CALIF.

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re

Williams

BANKRUPTCY NO. 24-03761-C17
25-90005-CL

[add if filing in response to hearing]
Date of Hearing: June 8 2026
Time of Hearing: 10:30 am
Name of Judge: Hon. Christopher B. Laithan

Tax I.D.(EIN)#: _____ /S.S.#:XXX-XX-6131 ___ Debtor.

Motion to file documents under Seal

CSD 1000

CSD 1000

ᴓ 90005 mtn    9b

Andrew Paul Williams
Defendant, Pro Se
Mailing Address: 12641 Antioch Rd., Suite #1045
Overland Park, KS 66213
Telephone: (619) 796-6469
Email: andrew@carwashmgmt.com

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re* | Bankruptcy Case No. 24-03761-CL7<br>Chapter 7 |
| **ANDREW PAUL WILLIAMS,** | |
| Debtor. | Adv. Proc. No. 25-90005-CL |
| | **DEFENDANT'S MOTION TO VACATE DEFAULT AND DEFAULT JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b) (Made Applicable by Fed. R. Bankr. P. 9024)** |
| **ERIK ANDERSON, NICK ASHTON, and SANDRA ASHTON,** | |
| Plaintiffs, | |
| v. | |
| **ANDREW PAUL WILLIAMS,** | Hearing Date: June 8, 2026<br>Hearing Time: 10:30 a.m.<br>Judge: Hon. Christopher B. Latham<br>Dept.: 1, Room 218 |
| Defendant. | |

## MOTION TO FILE DOCUMENTS UNDER SEAL
### (11 U.S.C. § 107(c); Fed. R. Bankr. P. 9018)

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on the date and time set by the Court, defendant

Andrew Paul Williams ("Defendant"), appearing pro se, will and hereby does move this

Court for an order pursuant to 11 U.S.C. § 107(b)(1) and (c)(1) and Federal Rule of

Bankruptcy Procedure 9018 authorizing Defendant to file under seal, in connection with

his concurrently filed Motion to Vacate Default and Default Judgment Pursuant to Federal Rule of Civil Procedure 60(b), the medical records identified herein.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the supporting Declaration of Andrew Paul Williams (Public Version), the medical records lodged conditionally under seal as **Exhibit E** to the Declaration, the entire record in this Adversary Proceeding, and any oral argument that may be presented.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendant's Motion to Vacate Default and Default Judgment requires this Court to consider Defendant's medical and psychiatric circumstances during and around the period when an answer to the Adversary Complaint was due. The relevant medical records, however, contain protected health information that extends well beyond the scope necessary for the Court's analysis under Federal Rule of Civil Procedure 60(b), including detailed psychiatric history, family medical history, weight and laboratory data, and other private health information unrelated to the issues before the Court. Defendant respectfully requests that this Court permit those records to be filed under seal.

11 U.S.C. § 107 and Federal Rule of Bankruptcy Procedure 9018 expressly authorize sealing of "any scandalous or defamatory matter" and matter that, if disclosed, would invade personal privacy. Federal courts and bankruptcy courts routinely seal medical and mental-health records. The narrow sealing requested here is precisely the limited use of section 107(b)/(c) that the statute contemplates.

### II. BACKGROUND

Defendant is concurrently filing a Motion to Vacate Default and Default Judgment Pursuant to Fed. R. Civ. P. 60(b), with a supporting Declaration. The Declaration's Section F refers to Defendant's medical and psychiatric circumstances during the response period and identifies certain diagnoses and a small number of specific clinical observations directly relevant to the question of excusable neglect.

The underlying medical records that document those facts include: (1) Office Visit Progress Note, Dr. F. Motamedi (Rheumatology), December 30, 2024; (2) Emergency Department records and After Visit Summary, January 30, 2025; (3) Emergency Department records and After Visit Summary, February 2, 2025; (4) Video Visit Progress Note and After Visit Summary, Dr. P. Liu (Rheumatology), February 3, 2025; (5) Office Visit Progress Note and After Visit Summary, Dr. F. Motamedi (Rheumatology), February 10, 2025, including the treating physician's four-week work-restriction directive; (6) Telephone Visit Progress Note and After Visit Summary, Dr. F. Motamedi (Rheumatology), February 12, 2025; (7) Initial Video Psychiatric Evaluation by Dr. R. Bhat, M.D., April 8, 2026, and corresponding After Visit Summary; and (8) historical Kaiser psychiatric and behavioral-health records and screening data, 2021-2022. These records collectively constitute Exhibit E to the Williams Declaration.

These records contain extensive private health information beyond the limited factual support relevant to this Motion, including but not limited to: physical-health diagnoses unrelated to the response-period circumstances; weight, body-mass-index, and laboratory data; family-history disclosures; substance-use screening histories; and a detailed personal psychosocial history.

## III. LEGAL STANDARD

Section 107(a) of the Bankruptcy Code provides a general right of public access to papers filed in a case. 11 U.S.C. § 107(a). However, sections 107(b) and 107(c) provide express exceptions. Section 107(b)(1) directs the Court, on the request of a party, to

"protect an entity with respect to a trade secret or confidential research, development, or commercial information." Section 107(b)(2) authorizes protection from "scandalous or defamatory matter contained in any paper filed in a case."

**Section 107(c)(1) is dispositive here**. It directs the bankruptcy court, on the request of a party, to "protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property: (A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title. (B) Other information contained in a paper described in subparagraph (A)." 11 U.S.C. § 107(c)(1).

Federal Rule of Bankruptcy Procedure 9018 provides the procedural vehicle: "On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation."

Bankruptcy and other federal courts have routinely held that medical and mental-health records warrant sealing under § 107(c) or analogous public-access standards. *See, e.g., Father M v. Various Tort Claimants (In re Roman Catholic Archbishop of Portland*

*in Or.)*, 661 F.3d 417, 432-34 (9th Cir. 2011) (recognizing that sensitive personal information warrants protection under § 107(c)); *In re Anthracite Capital, Inc.*, 492 B.R. 162, 178-79 (Bankr. S.D.N.Y. 2013) (sealing personally identifying information). General Order and the Local Bankruptcy Rules of this District (LBR 9018-3) likewise provide procedures for in camera submission and sealing of confidential personal information.

## IV.  ARGUMENT

### A. The Records at Issue Contain Quintessentially Private Health Information.

The records lodged as Exhibit E include detailed psychiatric, medical, social, and family-history data, including DSM-5 diagnoses, descriptions of chronic illness and treatment, lab values, weight history, personal trauma history, and a complete psychosocial history. The records are precisely the type of personally identifying medical information for which Congress enacted § 107(c) and for which Rule 9018 exists.

There is a substantial and well-recognized risk that public disclosure of detailed mental-health diagnoses and treatment information, particularly when combined with a debtor's name and case file, creates risks of identity theft, employment discrimination, insurance discrimination, and personal harm ("other unlawful injury" within the meaning of § 107(c)(1)). Defendant is the principal of two operating businesses; public association of his name with detailed psychiatric records would also create a real commercial-injury risk to those enterprises.

### B. The Limited Public Disclosure in the Williams Declaration Is Sufficient for the Court's 60(b) Analysis.

Defendant's public declaration discloses, in summary form, only the diagnostic information and clinical observations directly relevant to the excusable-neglect analysis: that Defendant suffers from (i) Major Depressive Disorder, Recurrent Episode, Severe; (ii) Chronic Posttraumatic Stress Disorder; (iii) an anxiety disorder; (iv) Adult-Onset Still's Disease under active immunosuppressive treatment; and (v) the contemporaneously documented avoidance behaviors specifically tied to fear of legal process. (Williams Decl. ¶¶ 29-32.) Those summary statements are sufficient for the Court's 60(b) analysis. The balance of the underlying records, weight history, lab values, family history, etc., has no bearing on the questions before the Court.

## C. The Sealing Requested Is Narrowly Tailored.

Defendant requests only that the medical records constituting Exhibit E to the Williams Declaration be filed under seal, with public access permitted only to the redacted summary references appearing in the publicly filed Declaration. The Motion, the Memorandum of Points and Authorities, and all other papers in the Motion package will be filed publicly. The Court, the United States Trustee, and counsel of record will have access to the sealed records for purposes of decision.

## V. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court enter an order: (i) granting leave to file Exhibit E to the Declaration of Andrew Paul Williams under seal pursuant to 11 U.S.C. § 107(c)(1) and Fed. R. Bankr. P. 9018; (ii) directing the Clerk to maintain Exhibit E under seal subject to access by the Court, the United States Trustee,

and counsel of record only; and (iii) granting such further and other relief as the Court deems just and proper.

Dated: _____5/12_____, 2026

Respectfully submitted,

_____

Andrew Paul Williams

Defendant, Pro Se