MARTIN A. ELIOPULOS (Bar No. 149299)
elio@higgslaw.com
JAKE SESTI (Bar No. 339005)
sestij@higgslaw.com
**HIGGS FLETCHER & MACK LLP**
401 West A Street, Suite 2600
San Diego, CA 92101-7910
Telephone:   (619) 236-1551
Facsimile:   (619) 696-1410

Attorneys for Plaintiffs
ERIK ANDERSON, NICK ASHTON and
SANDRA ASHTON

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>ANDREW PAUL WILLIAMS,<br><br>               Debtor. | Case No. 24-bk-03761-CL7<br><br>Chapter 7 |
| ERIK ANDERSON, NICK ASHTON and SANDRA ASHTON,<br><br>               Plaintiffs,<br><br>     v.<br><br>ANDREW PAUL WILLIAMS,<br><br>               Defendant. | Adv No. 25-ap-90005-CL<br><br>**PLAINTIFFS' OPPOSITION TO MOTION TO VACATE DEFAULT AND DEFAULT JUDGMENT**<br><br>Date:     June 8, 2026<br>Time:    10:30 a.m.<br>Dept.:    1, Room 218<br>Judge:   Hon. Christopher B. Latham |

Plaintiffs, ERIK ANDERSON, NICK ASHTON, and SANDRA ASHTON (collectively "Plaintiffs") hereby submit this Opposition to the Motion to Vacate Default and Default Judgment filed in the above-referenced Adversary Proceeding by Debtor and Defendant, *in pro per*, Andrew Paul Williams ("Debtor").

/ / /

/ / /

/ / /

Higgs Fletcher &
Mack LLP
Attorneys at Law
San Diego

13674980.1

Case No. 25-ap-90005-CL

PLAINTIFFS' OPPOSITION TO MOTION TO
VACATE DEFAULT AND DEFAULT JUDGMENT

# I.

# **INTRODUCTION**

Debtor seeks relief from a properly entered default judgment under Rule 60(b) after knowingly ignoring this adversary proceeding despite proper service, actual notice, and an explicit warning from his Chapter 7 bankruptcy counsel regarding the consequences of failing to respond.

The motion should be denied.  Debtor admittedly received proper service of the summons and complaint.  Debtor also had actual notice of the adversary proceeding because his bankruptcy counsel informed him of the lawsuit and offered to represent him in defending the action.  Despite that notice, Debtor failed to file an answer, request an extension of time, oppose entry of default, or otherwise appear in this proceeding.

Only after Plaintiff obtained a final nondischargeable judgment and initiated post-judgment collection efforts did Debtor seek relief.  Debtor's claim that he was hospitalized "at about the time" a response was due does not establish excusable neglect under Rule 60(b), particularly where Debtor had counsel available, failed to act for an extended period of time, and waited until enforcement proceedings commenced before appearing.

# II.

# **STATEMENT OF FACTS**

**A.     Plaintiffs file an Adversary Complaint and Enter Defendant's Default.**

On January 6, 2025, Plaintiffs timely filed this adversary proceeding seeking a determination that Defendant's debt was nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6).  ECF #1.

On January 7, 2026, Plaintiff properly served the summons and complaint by first-class mail upon Defendant at the address listed in his bankruptcy petition pursuant to Bankruptcy Rule 7004(b)(9).  Plaintiff also served the summons and complaint by first-class mail upon Defendant's bankruptcy counsel of record in the

Higgs Fletcher &
Mack LLP
Attorneys at Law
San Diego

13674980.1         2         Case No. 25-ap-90005-CL

PLAINTIFFS' CREDITORS' OPPOSITION TO MOTION TO
VACATE DEFAULT AND DEFAULT JUDGMENT

Chapter 7 case.  ECF #4.

Also on January 7, 2025, Plaintiffs served Debtor and his counsel with a Notice of Compliance re Early Conference of Parties or Counsel pursuant to F.R.B.P, 7016 and LBR 7016-2.  ECF #5.

On February 18, 2025, pursuant to Plaintiffs' Request to Enter Default on February 14, 2025, the clerk of the Bankruptcy Court entered Defendant's default.  ECF #7.  On that same day, the clerk of the Bankruptcy Court served Defendant at the address listed in his petition with the notice of entry of default.  ECF #8.

**B.      The Bankruptcy Court Enters Default Judgment Against Debtor.**

On September 4, 2025, Plaintiffs filed a Notice of Motion and Motion for Default Judgment in the adversary proceeding.  ECF #12.  The Motion was substantial and consisted of the following pleadings totaling 1,090 pages:

        1.      Plaintiffs' Notice of Motion and Motion for Default Judgment;

        2.      Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Default Judgment;

        3.      Declaration of Jake Sesti in Support of Plaintiffs' Motion for Default Judgment;

        4.      Declaration of Erik Anderson in Support of Request to Enter Default of Defendant Andrew Paul Williams [Part 1];

        5.      Declaration of Erik Anderson in Support of Request to Enter Default of Defendant Andrew Paul Williams [Part 2]; and

        6.      [Proposed] Order Granting Plaintiffs' Motion for Default Judgment Against Andrew Paul Williams.

ECF #12.

The Motion with supporting declarations goes into detail about how Debtor duped Plaintiffs to invest $195,000 into a car wash in West Covina, California by committing wrongful actions that establish the $195,000 debt owed by Debtor to Plaintiffs is non-dischargeable pursuant to Bankruptcy Code section 523(a)(2) and

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

13674980.1                                    3                        Case No. 25-ap-90005-CL

PLAINTIFFS' CREDITORS' OPPOSITION TO MOTION TO
VACATE DEFAULT AND DEFAULT JUDGMENT

(a)(6).  ECF #12.

On September 15, 2025, after reviewing Plaintiff's Motion for Entry of Default Judgment and the supporting pleadings and papers, the Bankruptcy Court entered an order granting Plaintiffs' Motion ruling as follows:

> The Court, having considered the Motion for Entry of Default Judgment (the "Motion") and all supporting pleadings and papers filed by Plaintiffs, ERIK ANDERSON, NICK ASHTON and SANDRA ASHTON (collectively "Plaintiffs") on September 4, 2025 as ECF #12 in the above-referenced Adversary Proceeding filed against Debtor, ANDREW PAUL WILLIAMS ("Debtor"), and good cause appearing therefore, rules as follows:
>
> 1.      The Motion is GRANTED;
>
> 2.      The $195,000.00 debt owed by Debtor to Plaintiffs identified and established by Plaintiffs in the Motion, and in an amount less than prayed for by Plaintiffs in the adversary complaint filed on January 6, 2025, as ECF #1 in the above referenced Adversary Proceeding, is hereby excepted from discharge pursuant to 11 U.S.C. sections 523(a)(2)(A) and (a)(6);and
>
> 3.      Judgment is hereby entered in favor of Plaintiffs and against Debtor in the amount of $195,000.00.
>
> IT IS SO ORDERED.

ECF #13.

## C.      Plaintiffs Begin to Enforce the Judgment.

After entry of the Default Judgment, Plaintiffs began judgment enforcement measures consisting of:

1.      The issuance of an Order to Appear for a Judgment Debtor Exam at 10:00 a.m. on March 26, 2025, setting an exam for May 4, 2026, in Department 1 of the Bankruptcy Court.  ECF #25.

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

13674980.1

4

Case No. 25-ap-90005-CL

PLAINTIFFS' CREDITORS' OPPOSITION TO MOTION TO
VACATE DEFAULT AND DEFAULT JUDGMENT

2.    the issuance of an Abstract of Judgment on March 26, 2025, which Plaintiffs recorded in the San Diego County Recorder's official records on May 27, 2026, as Document No.: 2026-0085277.  ECF #25.

3.    The issuance of a Writ of Execution on March 30, 2026.  ECF #28.

**D.    Debtor appears for the Judgment Debtor Exam and submits to the Jurisdiction of the Bankruptcy Court for Purposes of the Exam.**

Although not personally served with the Order to Appear for a Judgment Debtor Exam, Debtor voluntarily appeared for the exam thereby submitting himself to the jurisdiction of the Bankruptcy Court for purposes of the Exam.  Not having served Debtor, Plaintiff's counsel relayed to the court that he had not booked a court reporter.  After some discussion, the Bankruptcy Court entered a Minute Order summarizing the discussion on the record with the court placing Debtor under oath for the judgment debtor exam and Debtor agreeing to call Plaintiff's counsel to set up a judgment debtor exam by video.  ECF #29.

**E.    Before Plaintiffs' counsel could arrange with Debtor a time and place for a judgment debtor exam to be taken by video, Debtor filed the Motion to Vacate the Default and Default Judgment.**

On May 12, 2026, Debtor filed the instant Motion to Vacate the Entry of Default and the Entry of the Default Judgment in the Adversary Proceeding asserting:

1.    FRCP 60(b)(1).  Excusable Neglect as a result of:

a.    an alleged medical condition that persisted from December 30, 2024, running through the date default was entered on February 18, 2025, and for some period of time thereafter with the medical records filed under seal leaving Plaintiffs with no opportunity to test their veracity; and

b.    "Defendant's bankruptcy counsel abandoned the adversary by single e-mail and no follow up."  Motion, p. 4.

2.    FRCP 60(b)(3).  Plaintiffs' misrepresentation in their Motion to Enter Default Judgment that the car wash Plaintiff's supposedly invested in remains non-operable when, according to Debtor, the car wash Plaintiffs' invested in "was built,

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

13674980.1                                    5                         Case No. 25-ap-90005-CL

PLAINTIFFS' CREDITORS' OPPOSITION TO MOTION TO
VACATE DEFAULT AND DEFAULT JUDGMENT

did open, did operate, and today continues to operate using the very same equipment that Defendant's company installed." Motion, p. 5.

3.    FRCP 60(b)(4).  The default judgment is void because the summons and complaint were mailed to the correct address but wrong zip code (92121) when the correct zip code is 92128.

4.    Finally, Debtor asserts that he has meritorious defenses that he can present if the default judgment is vacated.

## III.

## SUMMARY OF THE ARGUMENT

Debtor cannot establish excusable neglect and the Motion should be denied.

## IV.

## ARGUMENT

**A.    FRCP 60(b)(1).  Debtor's Motion Fails to Establish Excusable Neglect.**

Here, Debtor offers two excuses for excusable neglect.

First, is an alleged medical condition that persisted from December 30, 2024, running through the date default was entered on February 18, 2025, and for some period of time thereafter with the medical records filed under seal leaving Plaintiffs with no opportunity to test their veracity.  Even assuming the medical condition and its complications are true and verifiable, nothing stopped Debtor from requesting an extension of time to respond to the adversary complaint.

Second, Debtor admits that his Chapter 7 counsel sent him an e-mail on the very day the adversary complaint was filed (January 6, 2025), wherein counsel notified Debtor about the adversary proceeding, reminded Debtor that the flat fee engagement for the Chapter 7 filing did not include defending against an adversary proceeding, offered to defend Debtor or refer Debtor to different counsel and, most importantly, **warned Debtor that failing to respond to the adversary complaint will provide Plaintiffs with the right to obtain a default judgment**.

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

13674980.1                                    6                        Case No. 25-ap-90005-CL
PLAINTIFFS' CREDITORS' OPPOSITION TO MOTION TO
VACATE DEFAULT AND DEFAULT JUDGMENT

When a defendant seeks relief under Rule 60(b)(1) based upon "excusable neglect," "a court must consider three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir.1984) (per curiam). "This standard . . . is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id*. Courts often refer to these factors as the "Falk factors."

### 1.    <u>Culpable Conduct by Debtor</u>.

Here Debtor engaged in culpable conduct by failing to request an extension despite having actual knowledge of the adversary complaint from the date it was filed and having 43 days to respond to the complaint before default was entered by the clerk of the bankruptcy court.

The adversary complaint was filed on January 6, 2025, and served via first class mail to the address and zip code listed in Debtor's Chapter 7 petition on January 7, 2025.

On January 6, 2025, Debtor's bankruptcy counsel notified Debtor via e-mail about the adversary proceeding and warned him of the consequences if he failed to respond.

The request for entry of default was not filed until February 14, 2026, and was not entered until February 18, 2026, which is 13 days <u>after</u> the February 5, 2026, deadline for Debtor to respond to the adversary complaint.

Yet, Debtor failed to respond to the adversary complaint, failed to request additional time to respond to the adversary complaint, and failed to follow up with his Chapter 7 counsel or seek substitute counsel to defend against the adversary complaint, oppose entry of default, or otherwise appear.

This is <u>not</u> excusable neglect.

Higgs Fletcher & Mack LLP
Attorneys at Law
San Diego

13674980.1

7

Case No. 25-ap-90005-CL

PLAINTIFFS' CREDITORS' OPPOSITION TO MOTION TO
VACATE DEFAULT AND DEFAULT JUDGMENT

**2.      Debtor alleges he has a meritorious defense.**

Even assuming Debtor has a meritorious defense, Debtor fails to explain why, If the gas station Plaintiffs invested in is up and running at the same location but under a different trade name, why is it that Debtor's Motion fails to explain what specifically Plaintiff's $195,000 was used for and why Plaintiffs have not seen any return on their investment?

**3.      Prejudice to Plaintiffs.**

There can be no question that vacating the default judgment after Debtor had ample opportunity to respond to the adversary complaint or, at a minimum, request an extension of time to respond, prejudices Plaintiffs.

First, it unfairly delays Plaintiffs in enforcing their nondischargeable judgment and collecting the $195,000 long overdue to them by Debtor.  Second, Plaintiffs incurred substantial fees in preparing and filing their motion for entry of a default judgment of more than 1,000 pages in length including exhibits) that the Bankruptcy Court granted.

**B.      FRCP 60(b)(3). Debtor's argument that the Motion for Entry of Default Judgment should be vacated because it contains misrepresentations about the status of the gas station rings false.**

Debtor complains that Plaintiffs' motion for entry of a default judgment misrepresents the status of the gas station project.  Yet, Debtor's Motion fails to explain why, if the gas station Plaintiffs invested in is up and running at the same location but under a different trade name, why is it that Debtor's Motion fails to explain what specifically Plaintiff's $195,000 was used for and why Plaintiffs have not seen any return on their investment?

/ / /

/ / /

/ / /

/ / /

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

13674980.1                          8                          Case No. 25-ap-90005-CL
PLAINTIFFS' CREDITORS' OPPOSITION TO MOTION TO
VACATE DEFAULT AND DEFAULT JUDGMENT

**C.    FRCP 60(b)(4).  The Default Judgment is not void because Debtor's argument about the wrong zip code is fatally defective.**

Debtor argues that the wrong zip code was used to serve the summons and complaint.  However, as explained above, Plaintiffs served Debtor at the address and zip code set forth in his Chapter 7 petition and the address of record for Debtor. There has been no amendment filed either correcting the zip code.

Moreover, Debtor admits that he received the January 6, 2025, e-mail from his Chapter 7 counsel notifying him that the adversary proceeding had been filed on that same day and warning him about the consequences of failing to respond to the adversary complaint.

It bears repeating, Debtor admits he knew about the filing of the adversary complaint on the day it was filed and had 43 days before the clerk entered default. Yet, he failed to even request an extension of time to respond to the adversary complaint while he was contending with his medical issues.

## V.

## CONCLUSION

**WHEREFORE**, Plaintiffs respectfully request that the Bankruptcy Court deny Debtor's Motion for Relief from Entry of Default and Default Judgment.

Dated: May 26, 2026                                       **HIGGS FLETCHER & MACK LLP**

By:/s/ *Martin A. Eliopulos*
    MARTIN A. ELIOPULOS, ESQ.
    JAKE SESTI, ESQ.
    Attorneys for Plaintiffs
    ERIK ANDERSON, NICK
    ASHTON and SANDRA ASHTON

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

13674980.1                                       9                                       Case No. 25-ap-90005-CL

PLAINTIFFS' CREDITORS' OPPOSITION TO MOTION TO
VACATE DEFAULT AND DEFAULT JUDGMENT