Andrew P. Williams

12641 Antioch Road, Suite #1045

Overland Park, Kansas 66213

Telephone: (619) 796-6469

Email: andrew@carwashmgmt.com

Defendant and Debtor, In Pro Per

FILED

2026 JUN -1 PM 1:16

CLERK
U.S. BANKRUPTCY CT.
SO DIST. OF CALIF.

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ANDREW PAUL WILLIAMS, | Bankr. Case No. 24-03761-CL7 |
| Debtor. | Chapter 7 |
| | Adv. Proc. No. 25-90005-CL |
| ERIK ANDERSON, NICK ASHTON, and SANDRA ASHTON, | |
| | **DEFENDANT-DEBTOR'S REPLY IN SUPPORT OF MOTION TO VACATE ENTRY OF DEFAULT AND DEFAULT JUDGMENT** |
| Plaintiffs, | |
| v. | |
| ANDREW PAUL WILLIAMS, | |
| Defendant. | Date: June 8, 2026   Time: 10:30 a.m. |
| | Dept.: 1, Room 218 |
| | Judge: Hon. Christopher B. Latham |

**TO THE COURT AND ALL PARTIES OF RECORD:**

1

REPLY ISO MOTION TO VACATE DEFAULT

## I. INTRODUCTION

Plaintiffs' nine-page Opposition cites a single case (Falk v. Allen), misquotes its rule, attaches no declaration or exhibit, and rests on factual assertions that the documents already in this Court's docket and Plaintiffs' own contemporaneous text messages directly refute. Each of Defendant's three independent grounds for relief stands intact.

Four points dispose of the Opposition. First, and dispositively, Defendant was acutely medically incapacitated throughout the response window — from on or about December 30, 2024 through entry of default on February 18, 2025 — as documented by contemporaneous treating-physician records lodged under seal (Williams Decl. Ex. E), including two emergency-department visits, a C-reactive protein level more than twenty times the reference limit, Schedule II opioid treatment, and a treating physician's four-week work-restriction directive. The Ninth Circuit grants Rule 60(b)(1) relief on precisely such facts. Lemoge v. United States, 587 F.3d 1188, 1196-98 (9th Cir. 2009). Excusable neglect is Defendant's principal ground, and the Opposition does not meaningfully rebut it. Second, Defendant has a meritorious defense: one year before Plaintiffs alleged in Complaint paragraph 25 that the car wash "remains non-operable," Plaintiff Erik Anderson sent the text message "Looking like a real car wash!" with photographs of the operating site (Suppl. Decl. Ex. 3) — a party admission under Federal Rule of Evidence 801(d)(2). Third, Plaintiffs served the summons and complaint at ZIP code 92121 — the incorrect ZIP code that appears on the petition and on every certificate of service — when the correct ZIP code for the address is 92128, as the Postal Service's own standardization of the address to "92128-4547" confirms (ECF Nos. 8, 10); mail directed to 92121, a ZIP code in which the street address does not exist, did not reach Defendant, who was not residing at that address, and that failure of actual notice supports relief under Rule 60(b)(1) and, in the alternative, renders the judgment

REPLY ISO MOTION TO VACATE DEFAULT

Case No. 24-03761-CL7 / Adv. Proc. No. 25-90005-CL

voidable under Rule 60(b)(4). Fourth, the email Plaintiffs characterize as an offer to defend (Opp. 6) states the opposite on its face: "my representation does not include defense of any Adversary Proceedings" (Suppl. Decl. Ex. 1), and on May 4, 2026, Plaintiffs' counsel stated on this Court's record that Defendant had not been served, the Opposition conceding Defendant was "not personally served with the Order to Appear" (Opp. 5; ECF No. 29).

The new evidence accompanying this Reply is proper. It responds directly to factual assertions Plaintiffs themselves raised in their Opposition, namely the characterization of the Stadtmueller email and the claim of service at the petition ZIP code, and Defendant does not oppose a short surreply should the Court wish to afford one.

## II.   SERVICE TO THE INCORRECT ZIP CODE 92121 FAILED TO PROVIDE NOTICE AND SUPPORTS RELIEF UNDER RULE 60(b)(4) AS AN ALTERNATIVE GROUND.

Service of a summons and complaint on a debtor is made by first-class mail addressed to the debtor at the address shown on the petition. Fed. R. Bankr. P. 7004(b)(9). Plaintiffs mailed to the address shown on the petition, but that address bears an incorrect ZIP code, 92121, in which the street address 12136 Avenida Sivrita does not exist. (Suppl. Decl. Ex. 2 and paragraphs 10-12.) The correct ZIP code is 92128, as the Postal Service's standardization of the address to "92128-4547" confirms (ECF Nos. 8, 10). Mail directed to a ZIP code approximately eight miles from the correct delivery area, served by a different postal facility, and in which the destination address does not exist, is not the proper mailing from which a presumption of receipt arises. See In re Bucknum, 951 F.2d 204, 207-08 (9th Cir. 1991) (presumption of receipt arises from proof of proper mailing). No presumption of receipt attaches here, and Defendant, who was not residing at that address, did not receive the summons and complaint.

Plaintiffs' own filings prove the error. The Notice of Electronic Filing generated by this Court's CM/ECF system when Plaintiffs' counsel filed the complaint records Defendant's address as "12136 Avenida Sivrita San Diego, CA 92121." (Suppl. Decl. Ex. 1.) Every Plaintiff-generated certificate of service shows the same wrong ZIP. (ECF Nos. 4, 6, 7, 8, 10, 13, 15, 17, 18.) The

3

REPLY ISO MOTION TO VACATE DEFAULT

Postal Service's standardization of the address to "92128-4547" in the Bankruptcy Noticing Center certificates (ECF Nos. 8, 10) establishes that 92128, not 92121, is the correct ZIP code, of which the Court may take judicial notice. Fed. R. Evid. 201; United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992). Plaintiffs' assertion that they "served Debtor at the address and zip code set forth in his Chapter 7 petition" (Opp. 9) is contradicted by their own documents. Their May 27, 2026 Proof of Service (ECF No. 41) lists the 92128 address as a "Courtesy Copy" alongside primary service at 92121, reflecting Plaintiffs' own recognition that 92128 is the correct ZIP code even as they continued to serve the incorrect 92121.

Actual notice does not cure the defect. "[W]ithout substantial compliance with Rule 4[,] neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988). Plaintiffs' reliance on the January 6, 2025 email and on Defendant's appearance at the judgment-debtor examination is therefore misplaced, and Plaintiffs concede they did not personally serve even the examination order. (Opp. 5.) A limited appearance compelled by a judgment-enforcement proceeding does not retroactively validate a judgment that was void when entered.

Where service fails to provide the notice that Rule 7004 and due process require, the resulting default and judgment are subject to vacatur; under Rule 60(b)(4), a judgment entered without adequate service is voidable. United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270-71 (2010); Fed. R. Civ. P. 60(b)(4) (incorporated by Fed. R. Bankr. P. 9024). Plaintiffs' contention that mailing to the petition's stated ZIP sufficed cannot be reconciled with the Postal Service's correction of that ZIP and the resulting non-delivery. Defendant pleads this ground in the alternative to his principal showing of excusable neglect.

**III.  EVEN UNDER RULE 60(b)(1), DEFENDANT ESTABLISHES EXCUSABLE NEGLECT.**

REPLY ISO MOTION TO VACATE DEFAULT

Case No. 24-03761-CL7 / Adv. Proc. No. 25-90005-CL

Excusable neglect is "at bottom an equitable [determination], taking account of all relevant circumstances surrounding the party's omission," including the reason for and length of the delay, the danger of prejudice, and the movant's good faith. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993). Plaintiffs' hedge, "[e]ven assuming the medical condition and its complications are true and verifiable" (Opp. 6), concedes the dispositive fact: Defendant was acutely medically incapacitated throughout the response window, from on or about December 30, 2024 through entry of default on February 18, 2025, as documented by the treating-physician records filed under seal (Williams Decl. Ex. E). The Ninth Circuit grants Rule 60(b)(1) relief on such facts. In Lemoge v. United States, 587 F.3d 1188, 1196-98 (9th Cir. 2009), the court reversed the denial of relief where medical incapacity during the filing period caused the default, holding that each Pioneer factor favored relief. Defendant's case is stronger, because the incapacity was his own.

Plaintiffs' argument that "nothing stopped Debtor from requesting an extension" (Opp. 6) fails as fact and as law. As fact, a defendant under the sealed course of treatment documented here was in no position to draft and file a motion. As law, Pioneer rejected exactly this kind of mechanical rule. And the premise that Defendant had counsel available is false: the very email Plaintiffs cite shows that Defendant's flat-fee Chapter 7 counsel, Ronald E. Stadtmueller, expressly disclaimed the adversary, "my representation does not include defense of any Adversary Proceedings," and offered only a conditional referral that never materialized. (Suppl. Decl. Ex. 1.) Defendant therefore had no adversary counsel, and there is no agent's neglect to attribute to him; his own incapacity governs.

Plaintiffs also misapply the culpability standard. The tripartite Falk test is disjunctive, but "culpable conduct" means conduct that is willful, deliberate, or in bad faith, not mere negligence and certainly not incapacity. United States v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1092 (9th Cir. 2010). A defendant who is hospitalized and under Schedule II treatment during the entire response window has not engaged in willful or bad-faith conduct.

REPLY ISO MOTION TO VACATE DEFAULT

Plaintiffs' reading, that any failure to seek an extension is automatically culpable, is the mechanical approach that Pioneer and Mesle forbid.

## IV.  RULE 60(b)(3): PLAINTIFFS' OWN TEXT MESSAGES ESTABLISH THE MISREPRESENTATION.

The Opposition does not defend Complaint paragraph 25's assertion that the car wash "remains non-operable." Under Rule 60(b)(3), a movant must show by clear and convincing evidence a misrepresentation that prevented full and fair presentation of the defense. De Saracho v. Custom Food Machinery, Inc., 206 F.3d 874, 880 (9th Cir. 2000). Plaintiffs' own contemporaneous words supply that proof. On January 6, 2024, one year to the day before paragraph 25 was filed, Defendant wrote "[w]e have a day of testing and cleaning and we will be done," and Plaintiff Erik Anderson replied "Hell yeah." (Suppl. Decl. paragraph 16, Ex. 3.) On photographs of the operating site, Anderson wrote "Looking like a real car wash!" and "Yeah it looks good." (Id. paragraph 18.) In February 2024, Plaintiffs Erik Anderson and Nick Ashton each personally drove a vehicle through the operating wash at 310 South Vincent Avenue, West Covina, witnessed by Jose Rene Ortiz and Travis Beaudoin. (Id. paragraphs 19-20.) These are party admissions under Federal Rule of Evidence 801(d)(2). Paragraph 25 is the entire factual predicate for Plaintiffs' nondischargeability theory under 11 U.S.C. sections 523(a)(2)(A) and (a)(6); the record establishes by clear and convincing evidence that Plaintiffs knew it was false when filed.

Tellingly, the Opposition cannot keep its own story straight, describing the project as a "car wash" in one section and a "gas station" in another. (Opp. 5-6, 8.) The project is the West Covina car wash; it was built, it opened, and it operates today as Sun Day Carwash using the equipment Defendant's company installed. Plaintiffs' own bank records (ECF Nos. 12-3, 12-4) show that Car Wash Management LLC contributed approximately $350,000 to the project, exceeding Plaintiffs' combined contribution.

## V.  THE REMAINING FACTORS FAVOR RELIEF.

REPLY ISO MOTION TO VACATE DEFAULT

Case No. 24-03761-CL7 / Adv. Proc. No. 25-90005-CL

Meritorious defense. A movant need only allege sufficient facts that, if true, would constitute a defense; the burden is "not extraordinarily heavy." Mesle, 615 F.3d at 1094; TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 700 (9th Cir. 2001). Defendant has alleged facts that defeat both section 523 theories. Plaintiffs respond only by demanding that Defendant "explain what specifically Plaintiff's $195,000 was used for" (Opp. 8), which improperly demands proof of the defense now and confirms that material facts are disputed.

No prejudice. Prejudice must be concrete, such as lost evidence or a heightened risk of fraud; mere delay and the need to litigate on the merits are not prejudice. TCI Group, 244 F.3d at 701. Plaintiffs identify only delay and the fees they chose to incur, and they remain free to enforce if they prevail on the merits.

The doubt rule. Any remaining doubt is resolved in favor of a decision on the merits. Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945-46 (9th Cir. 1986); Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984) ("a case should, whenever possible, be decided on the merits").

## VI.   PATTERN OF MISREPRESENTATION; RIGHTS RESERVED.

Defendant does not move for sanctions at this time but reserves all rights under Federal Rule of Bankruptcy Procedure 9011. The Court should be aware of a documented pattern: Plaintiffs submitted the wrong ZIP to the Court's CM/ECF system and propagated it across every certificate of service; their counsel stated non-service on the record on May 4, 2026; their Opposition recasts an email that disclaims representation as an offer to defend; it asserts the adequacy of service at a ZIP code that the Postal Service's own standardization shows to be incorrect; and Complaint paragraph 25 was filed against Plaintiffs' own contemporaneous acknowledgments that the car wash operated.

## VII.   CONCLUSION.

For the reasons stated above and in the Motion, Defendant respectfully requests an order: (1) vacating the Clerk's Entry of Default (ECF No. 7), the Order Granting Default Judgment (ECF No. 13), the Default Judgment (ECF No. 15), and the Amended Default Judgment (ECF No. 17); (2) granting Defendant leave to file an Answer and Counterclaims within twenty-one days; (3)

7

REPLY ISO MOTION TO VACATE DEFAULT

staying all collection activity, including the Writ of Execution (ECF No. 28) and any judgment-debtor examination (ECF No. 24), pending resolution of this Motion; and (4) granting such other and further relief as the Court deems just and proper.

Dated: June 1, 2026

Respectfully submitted,

Andrew Paul Williams

Defendant and Debtor, In Pro Per

*Citations verified against CourtListener, Justia, and Google Scholar.*

**PROOF OF SERVICE**

I, Andrew Paul Williams, declare that on June 1, 2026, I served the foregoing Reply, and the concurrently-filed Supplemental Declaration of Andrew Paul Williams, on Plaintiffs' counsel by electronic mail (counsel having consented to and engaged in electronic service in this proceeding) and through the Court's CM/ECF system, at: Martin A. Eliopulos (elio@higgslaw.com); Jake Sesti (sestij@higgslaw.com); and Linda Dominguez (dominguezl@higgslaw.com), Higgs Fletcher & Mack LLP. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Andrew Paul Williams

8

REPLY ISO MOTION TO VACATE DEFAULT