Order Entered on
June 16, 2026
by Clerk U.S. Bankruptcy Court
Southern District of California

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

| | |
|---|---|
| In re:<br><br>ANDREW PAUL WILLIAMS,<br><br>Debtor. | BANKRUPTCY NO.   24-03761-CL7 |
| ERIK ANDERSON, NICK ASHTON, & SANDRA ASHTON,<br><br>Plaintiffs. | ADVERSARY NO.   25-90005-CL |
| v.<br><br>ANDREW PAUL WILLIAMS,<br><br>Defendant. | Date of Hearing:   June 8, 2026<br>Time of Hearing:   10:30 a.m.<br>Name of Judge:   Christopher B. Latham |

**ORDER ON DEFENDANT'S MOTION FOR RELIEF FROM DEFAULT
AND DEFAULT JUDGMENT**

IT IS HEREBY ORDERED as set forth on the continuation page(s) attached, numbered two (2) through seven (7).

DATED:   June 16, 2026

_____
Judge, United States Bankruptcy Court

Page 2  |  ORDER ON DEFENDANT'S MOTION FOR RELIEF FROM DEFAULT AND
            DEFAULT JUDGMENT

| | |
|---|---|
| Debtor: Andrew Paul Williams | Bankruptcy No. 24-03761-CL7 |
| ANDERSON, ET AL. V. WILLIAMS | Adversary No. 25-90005-CL |

The court has considered Debtor-Defendant Andrew Paul Williams's motion to set aside default and vacate default judgment (ECF Nos. 30, 31 & 37), Plaintiffs' opposition (ECF No. 40), Debtor's reply and supporting declaration (ECF Nos. 42 & 43), oral argument at the hearing on the matter, and its own docket.  It will **grant** the motion as follows.

## Background

Debtor filed a voluntary petition on October 4, 2024 (Case No. 24-03761-CL7, ECF No. 1).  On January 6, 2025, Plaintiffs Erik Anderson, Nick Ashton, and Sandra Ashton timely brought this adversary seeking relief under §§ 523(a)(2) & (a)(6).  The complaint generally alleges that Debtor engaged in a fraudulent scheme inducing Plaintiffs to invest $200,000 in a joint venture to open a carwash (ECF No. 1).  But Debtor never started such a business.[1]  *Id.*  Instead, he converted the funds to his own uses.  *Id.*

On January 6, 2025 Debtor's former attorney, Ronald E. Stadtmueller, emailed him a copy of the adversary complaint, noted that the adversary was outside the scope of his representation, and advised him to file a timely response or face default judgment (ECF No. 30).  Debtor was served process at his address of record on January 7, 2026 (ECF No. 4).

Debtor did not respond to the complaint, and the court entered default in February 2025 (ECF No. 7).  Plaintiffs then moved for default judgment in September 2025 (ECF No. 12).  The court then entered default judgment for Plaintiffs in October 2025 (ECF No. 17).  Under it, Debtor is liable to Plaintiffs for $195,000, and that debt is nondischargeable.  *Id.*

Debtor moved for relief via the present motion in May 2026 (ECF No. 30).  In it, he explains how he was medically incapacitated during the time between receiving service and the responsive pleading deadline.  *Id.*  He also alleges that he experienced periodic homelessness and was caring for a relative in the months that followed.  *Id.*

## Legal Standards

### *Setting Aside Default*

The court may set aside an entry of default for good cause.  FED. R. CIV. P. 55.  To determine that, a court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether he has no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle ("Mesle")*, 615 F.3d 1085, 1091 (9th Cir. 2010).

---

[1] The court notes that Debtor disputes the alleged events, claiming that he did open the carwash for one or two months (ECF No. 30).

Signed by Judge Christopher B. Latham June 16, 2026

Page 3  |  ORDER ON DEFENDANT'S MOTION FROM RELIEF FROM DEFAULT AND
          DEFAULT JUDGMENT

Debtors: Andrew Paul Williams                                Bankruptcy No. 24-03761-CL7
ANDERSON, ET AL. V. WILLIAMS                                 Adversary No. 25-90005-CL

This standard is disjunctive – such that satisfaction of any of these factors is sufficient reason to refuse to set aside the default.  *Id.*; *cf. Brady v. United States*, 211 F3d 499, 504 (9th Cir. 2000) ("court's discretion is '*especially broad*' when … it is entry of default that is being set aside, rather than a default judgment") (emphasis supplied).

*Vacating Default Judgment*

Rule 55(c) of the Federal Rules of Civil Procedure provides that the court "may set aside a default judgment under Rule 60(b)."[2]  Rule 60(b) allows relief from a final judgment for "(1) mistake, inadvertence, surprise, or excusable neglect."  In deciding whether to vacate a default judgment under Rule 60(b)(1), the court applies the same three factors governing the inquiry into "good cause" under Rule 55(c).  *Mesle*, 615 F.3d at 1091.

This determination "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 395 (1993).  However,

> [The court's] discretion [under Rule 60(b)] is limited by three considerations.  First, since Rule 60(b) is remedial in nature, it must be liberally applied.  *Schwab v. Bullock's Inc.*, 508 F.2d 353, 355 (9th Cir. 1974).  Second, default judgments are generally disfavored and cases should be decided on their merits.  *Id.*  Third, where defendant seeks timely relief from the judgment and has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment. *Id.*

*Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987).

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) (emphasis in original).  Thus, culpability exists "where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.* at 698.  Indeed, under Rule 60(b)(1), ordinary negligence may be the basis for relief so long as it is "excusable." *Pioneer Inv. Svcs. Co.*, 507 U.S. at 394-95.

In deciding whether a defendant has presented a meritorious defense, "[the] underlying concern . . . is to determine whether there is some possibility that the outcome of the suit after a full trial will

---

[2] Rules 7055 and 9024 of the Federal Rules of Bankruptcy Procedure incorporate Rules 55 and 60 of the Federal Rules of Civil Procedure, respectively.  The court notes that Rule 60(b) applies to "Final Judgment[s], Order[s], or Proceeding[s]."  The standards for setting aside default under Rule 55(c) and vacating default judgment under Rule 60(b)(1) are essentially identical.  *See Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925 (9th Cir. 2004).

Page 4 | ORDER ON DEFENDANT'S MOTION FROM RELIEF FROM DEFAULT AND
DEFAULT JUDGMENT

Debtors: Andrew Paul Williams                                    Bankruptcy No. 24-03761-CL7
ANDERSON, ET AL. V. WILLIAMS                                     Adversary No. 25-90005-CL

be contrary to the result achieved by the default." *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986).

> "A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *See TCI Group*, 244 F.3d at 700 (citations omitted). All that is necessary to satisfy the "meritorious defense" requirement is to allege sufficient facts that, if true, would constitute a defense: "the question whether the factual allegation [i]s true" is not to be determined by the court when it decides the motion to set aside the default. *Id.* Rather, that question "would be the subject of the later litigation." *Id.*

*Mesle*, 615 F.3d at 1094.

### Legal Discussion & Analysis

*Service of Process*

Debtor contests service of process because the summons was mailed to a ZIP code that does not correspond to his address (ECF Nos. 30 & 42). Rule 7004(b)(1) permits service by mail to an individual's dwelling or usual place of abode within the United States. FED. R. BANK. PROC. 7004(b)(1). The mailing address Plaintiffs relied on – 12136 Avenida Sivrita, San Diego, CA *92121* – was the very one Debtor listed on his bankruptcy petition (Case No. 24-03761-CL7; ECF No. 1). He now claims the correct ZIP code is 92128. But he certified the accuracy of the information in the petition on October 3, 2024. *Id.* And he had a continuing duty to assure the accuracy and completeness of schedules. *In re Aubry*, 558 B.R. 333, 347 (Bankr. C.D. Cal. 2016) (quoting *In re Searles*, 317 B.R. 368, 378 (B.A.P. 9th Cir. 2004); 11 U.S.C. § 521(a)(1); FED R. BANKR. P. 1007; *In re Rolland*, 317 B.R. 402, 413 (Bankr. C.D. Cal. 2004) ("Full and comprehensive disclosure is critical to the integrity of the bankruptcy process."). Therefore, service was properly made at the address Debtor provided to the parties and court and certified as his mailing address.

In addition, Debtor admits that he received actual notice of the complaint and summons from his former attorney, Mr. Stadtmueller, on January 6, 2025 – during the notice period (ECF No. 30). Mr. Stadtmueller further specified in the email that "[Debtor] must file a timely Answer to the Complaint or the plaintiff will be able to obtain a default judgment." *Id.* In sum, Debtor was properly served and received actual notice of the proceedings in January 2025.

*Timeliness of the Motion*

Debtor-Defendant effectively combined two separate requests for relief in the motion at bar – one to set aside the default and another to vacate the default judgment. (ECF No. 30).

Signed by Judge Christopher B. Latham June 16, 2026

Page 5 | ORDER ON DEFENDANT'S MOTION FROM RELIEF FROM DEFAULT AND
DEFAULT JUDGMENT

Debtors: Andrew Paul Williams                                  Bankruptcy No. 24-03761-CL7
ANDERSON, ET AL. V. WILLIAMS                                   Adversary No. 25-90005-CL

Rule 55 does not prescribe a deadline for moving to set aside entry of default, so this relief was timely requested.

A rule 60(b) motion to vacate a default judgment must be filed within a reasonable time, not exceeding one year. FED. R. CIV. P. 60(c)(1). Such a motion may be denied, even if filed within the one-year period, if it was not diligently brought. *Meadows*, 817 F2d at 520-21. Default judgment was entered in October 2025 – seven months before Debtor sought relief (ECF No. 17). So the motion was made within a reasonable time.

*Good Cause Exists to Set Aside Entry of Default*

<u>No Prejudice to Plaintiffs</u>

If plaintiff will suffer prejudice when the action is reopened, the court may deny the motion for relief. *See Pioneer Inv. Svcs. Co.*, 507 U.S. at 395. To be prejudicial, setting aside default judgment must result in greater harm than simply delaying resolution of case. *Mesle*, 615 F.3d at 1095.

Plaintiffs will not be prejudice if Debtor is allowed to set aside the default's entry. They argue that they undertook the default prove up process, including briefing and compiling more than 1,000 pages of exhibits in support (ECF Nos. 12). But Plaintiffs are not prejudiced by having to prove up their case – a requirement irrespective of Debtor's default. And mere delay is insufficient. *See Mesle*, 615 F3d at 1095.

<u>No Culpable Conduct</u>

There is also no culpable conduct by Debtor. He was medically incapacitated during the response window from December 30, 2024 to February 18, 2025. Nor is there any convincing indication that he intentionally failed to respond following his discharge from the hospital. Rather, he explains that he was experiencing homelessness and caring for his father who was recovering from a heart attack (ECF No. 30).

Despite that his impairment was temporary, Debtor did fail to address the proceedings for over a year following his medical episode. While he may have been negligent in doing so, he stood to gain nothing from the delay. On these facts, the court sees no evidence that his failure to respond to the Complaint was devious, deliberate, willful, or done in bad faith.

<u>Meritorious Defense Proffered</u>

Importantly, Debtor has raised a meritorious defense. The complaint centers around Plaintiffs' $200,000 investment in a carwash that Debtor allegedly converted (ECF No. 1). It says that Debtor procured the investment by promising to open and manage the enterprise called "West Covina Car Wash," but never did. *Id.* Debtor counter-argues that he did open the carwash and operated such

Signed by Judge Christopher B. Latham June 16, 2026

Page 6  |  ORDER ON DEFENDANT'S MOTION FROM RELIEF FROM DEFAULT AND
       DEFAULT JUDGMENT

Debtors: Andrew Paul Williams               Bankruptcy No. 24-03761-CL7
ANDERSON, ET AL. V. WILLIAMS          Adversary No. 25-90005-CL

a business for one or two months from May 2024 to June 2024. Now, an unaffiliated entity runs the "Sun Day Carwash" at the same location.

In support of his position, he points to his January 2024 text message to Plaintiff Anderson stating "[w]e have a day of testing and cleaning and we will be done," which Mr. Anderson acknowledged (ECF No. 43). Then, in response to a text message from Debtor with photographs of the site, Anderson wrote "Looking like a real car wash!" *Id.* Debtor further alleges that Plaintiffs Anderson and Ashton each drove a vehicle through the carwash in February 2024 (ECF No. 42). Combined with Debtor's assertion that the carwash operated in May or June 2024, these assertions, if proven, contradict a key allegation of the complaint – that the carwash never opened. He also offers evidence that his affiliated entity contributed approximately $350,000 toward the venture – more than Plaintiffs' combined contribution. If true, this would also tend to show that Debtor did not abscond with Plaintiffs' investments, but that the business simply failed.

Taking into consideration the totality of the circumstances, the court finds that all three factors point toward finding cause to set aside the entry of default.

### *Vacating Default Judgment Under Rule 60(b)*

As discussed above, Debtor has shown that each of the factors for finding good faith, which mirror the standard for vacating default judgment, are met. *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011). Debtor also argues that relief is warranted due to excusable neglect and misrepresentation by an opposing party. *See* FED. R. CIV. P. 60(b)(1) & (3). The court now turns to these remaining points.

### <u>Excusable Neglect</u>

Excusable neglect – such as failure to meet a deadline – calls for application of a four-factor equitable test examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Pioneer Inv. Svcs. Co.*, 507 U.S. at 395; *Briones v. Riviera Hotel & Casino,* 116 F.3d 379, 381 (9th Cir. 1997) (adopting this test for consideration of Rule 60(b) motions); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010).

The court has found that vacating the default judgment will not prejudice Plaintiffs. *See, supra.* Debtor delayed about 15 months after the entry of default and around seven months post-judgment before finally appearing in court in May 2026. But the court notes that Plaintiffs were not particularly expeditious during that time – triggering an OSC re: dismissal for want of prosecution (ECF No. 9). And Debtor has sufficiently explained his personal and medical hardships justifying his delayed appearance (ECF Nos. 30 & 37). He also maintains that he was experiencing bouts of homelessness and caring for his father who was recovering from a heart attack (ECF No. 30). All things considered, the court finds that Debtor acted in good faith. Accordingly, Debtor's failure to timely respond to the complaint resulted from excusable neglect. FED. R. CIV. P. 60(b)(1).

Signed by Judge Christopher B. Latham June 16, 2026

Page 7 | ORDER ON DEFENDANT'S MOTION FROM RELIEF FROM DEFAULT AND
            DEFAULT JUDGMENT

Debtors: Andrew Paul Williams                                    Bankruptcy No. 24-03761-CL7
ANDERSON, ET AL. V. WILLIAMS                                     Adversary No. 25-90005-CL

### Misrepresentation by the Opposing Party

Debtor also moves for relief under Rule 60(b)(3), based on alleged misrepresentations by Plaintiffs. Among other things, he must show by clear and convincing evidence that *because of the misrepresentation* by the adverse party, he was prevented from fully and fairly presenting his case. *De Saracho v. Custom Food Machinery, Inc.*, 206 F3d 874, 880 (9th Cir. 2000) (emphasis supplied).

The alleged misrepresentation is that the carwash never opened (ECF No. 30). But even if the complaint contains an inaccuracy, that misstatement did not prevent Debtor from responding to the complaint or otherwise presenting his case. So this is not a basis for Rule 60(b)(3) relief.

### Conclusion

In conclusion, Debtor has met his burden of showing that he is entitled to relief under both Rules 55 and 60(b). Such relief will not be prejudicial, Debtor did not engage in culpable conduct, and he presents a meritorious defense to at least some aspects of the nondischargeability action. Thus, taking into account all relevant surrounding circumstances, and considering the policies underlying Rules 55 and 60(b), the court finds Debtor's neglect excusable and good cause for relief. It therefore **grants** Debtor's motion, **sets aside** the default entered February 18, 2025, and **vacates** the default judgment entered October 7, 2025 in this adversary proceeding. Debtor is directed to file and serve his response to the complaint within **21 days** of this order's entry.

IT IS SO ORDERED.

Signed by Judge Christopher B. Latham June 16, 2026

United States Bankruptcy Court

Southern District of California

Anderson,

    Plaintiff

Williams,

    Defendant

Adv. Proc. No. 25-90005-CL

# CERTIFICATE OF NOTICE

District/off: 0974-3             User: Admin.             Page 1 of 1

Date Rcvd: Jun 16, 2026       Form ID: pdfO1           Total Noticed: 1

The following symbols are used throughout this certificate:

**Symbol**       **Definition**

\+                Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 18, 2026:**

**Recip ID**            **Recipient Name and Address**
dft                 +   Andrew Paul Williams, 12136 Avenida Sivrita, San Diego, CA 92128-4547

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 18, 2026             Signature:         /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 16, 2026 at the address(es) listed below:**

**Name**             **Email Address**

Martin A. Eliopulos

         on behalf of Plaintiffs Nick Ashton elio@higgslaw.com

Martin A. Eliopulos

         on behalf of Plaintiffs Sandra Ashton elio@higgslaw.com

Martin A. Eliopulos

         on behalf of Plaintiffs Erik Anderson elio@higgslaw.com

TOTAL: 3