Andrew P. Williams

12641 Antioch Road, Suite #1045

Overland Park, Kansas 66213

Telephone: (619) 796-6469

Email: andrew@carwashmgmt.com

Defendant and Debtor, In Pro Per

FILED
ENTERED
LODGED
RECEIVED

JUN 2 2 2026

CLERK, U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ANDREW PAUL WILLIAMS,<br><br>Debtor.<br>_____<br><br>ERIK ANDERSON, NICK ASHTON, and<br>SANDRA ASHTON,<br><br>   Plaintiffs,<br><br> v.<br><br>ANDREW PAUL WILLIAMS,<br><br>   Defendant. | Bankr. Case No. 24-03761-CL7<br><br>Chapter 7<br><br>Adv. Proc. No. 25-90005-CL<br><br>**DEFENDANT-DEBTOR'S ANSWER TO**<br>**COMPLAINT TO DETERMINE**<br>**DISCHARGEABILITY OF DEBT [11 U.S.C. §§**<br>**523(a)(2)(A) and (a)(6)]**<br><br><br>Judge: Hon. Christopher B. Latham |

1

ANSWER TO COMPLAINT

Defendant Andrew Paul Williams ("Defendant"), appearing in pro per, answers the Complaint to Determine Dischargeability of Debt ("Complaint") filed by Plaintiffs Erik Anderson, Nick Ashton, and Sandra Ashton ("Plaintiffs") as follows. Except as expressly admitted below, Defendant denies each and every allegation of the Complaint.

## RESPONSES TO SPECIFIC ALLEGATIONS

1. Admits only that Plaintiffs purport to bring an action under 11 U.S.C. §§ 523(a)(2)(A) and (a)(6); denies that any debt owed to Plaintiffs is nondischargeable.

2. Denies. Defendant specifically denies that he perpetrated any fraudulent scheme, that he converted or stole any funds, that the car wash "never opened," and that any party "absconded" with Plaintiffs' money. The car wash opened and operated, and the funds were applied to the venture, which failed.

3-5. Admits Plaintiffs are individuals; lacks knowledge or information sufficient to form a belief as to the precise residences alleged, and on that basis denies the remaining allegations of paragraphs 3-5.

6. Admits Defendant is an individual. Except as expressly admitted, denies the allegations of paragraph 6.

7. Admits Janette A. Williams is Defendant's mother; lacks knowledge or information sufficient to form a belief as to the residence alleged and on that basis denies the remainder of paragraph 7.

8. Admits Defendant is a member of Car Wash Management, LLC. Denies the remaining allegations of paragraph 8, including the characterization of the entity's state of organization, registration, and principal place of business, except as may be reflected in the entity's own records, which speak for themselves.

9. Denies.

10. Denies.

11. Denies.

2

ANSWER TO COMPLAINT

12. Admits this Court has jurisdiction to determine the dischargeability of the alleged debt; the remaining allegations state legal conclusions to which no response is required.

13. Admits this is a core proceeding as to the determination of dischargeability; the remaining allegations state legal conclusions to which no response is required.

14. Admits venue is proper for this adversary proceeding; the remainder states legal conclusions to which no response is required.

15. Admits Defendant presented a car-wash investment opportunity in or about October 2023 and shared business projections; the referenced "proforma" and "prospectus" (Exhibit A) are documents that speak for themselves. Except as so admitted, denies the characterizations in paragraph 15.

16. Admits the parties agreed to form West Covina Car Wash ("WCCW") and that the operating agreement reflects the membership interests; the operating agreement speaks for itself. Except as so admitted, denies.

17. Admits the contribution and role structure as set forth in the operating agreement, which speaks for itself. Denies that Defendant guaranteed or falsely "assured" the car wash would open before any date certain, and denies the remaining characterizations of paragraph 17.

18. Admits an operating agreement for WCCW was signed on or about October 26-27, 2023 (Exhibit B), which speaks for itself. Lacks knowledge or information sufficient to form a belief as to the good-standing allegations, which also state legal conclusions, and on that basis denies the remainder of paragraph 18.

19. Admits the parties agreed that Plaintiffs' contributions would be paid to Car Wash Management, LLC to commence and carry out the car-wash project; denies the characterization of any specific representation regarding "$100,000 for operating capital" as alleged, and denies the remainder of paragraph 19.

20. Denies. Plaintiffs knew and agreed at the outset that their contributions would be paid to and administered by Car Wash Management, LLC to commence and carry out the car-wash project; Plaintiffs' allegation that they "later learned" the funds were held by Car Wash Management,

3

ANSWER TO COMPLAINT

LLC is false. Defendant denies any improper or exclusive control and denies the remainder of paragraph 20.

21. Denies. Defendant provided information regarding the project; budget variances in a project of this kind are ordinary, and Defendant denies the characterizations and innuendo of paragraph 21.

22. Denies any commingling or misuse of Plaintiffs' funds. Admits financial information and a report were provided to Plaintiffs; denies the report was "deficient" as alleged. The venture's bookkeeping, financial recordkeeping, and account administration were among the responsibilities Plaintiffs undertook and failed to perform.

23. Admits Defendant opened a separate account for West Covina Car Wash at Plaintiffs' request; denies any wrongdoing. By that time, Plaintiffs' contributions had already been applied to the car-wash project, and completing the venture's formation and financial setup was among the responsibilities Plaintiffs undertook and did not perform. Except as so admitted, denies the remaining allegations of paragraph 23.

24. Denies. The car wash opened and operated in or about May 2024; Defendant denies that it "was nowhere near close to opening." Defendant denies that Plaintiffs' funds were not applied to the venture, and denies the characterization attributed to unidentified "associates" that "CWM had no money," which is inadmissible hearsay. Otherwise, denies paragraph 24.

25. Admits the car wash opened and operated in 2024. Denies that the car wash was "immediately shut down," or shut down at all, for lack of permits; there was no permit-based closure. The only permit-related matter was a discussion with the City regarding the placement of the vacuum stations, which did not close the business. Denies that the car wash "remains non-operable" (a car-wash business operates at the site), and denies that Defendant wrongfully "refused to return" funds that were invested in and consumed by the venture. Except as so admitted, denies paragraph 25.

26. Admits a state court action (Case No. 24CU003299C) was filed; the complaint in that action speaks for itself. Except as so admitted, denies.

4

ANSWER TO COMPLAINT

27. Admits Defendant filed a Chapter 7 petition on October 4, 2024, and that the automatic stay applies.

28. Admits a First Amended Complaint was filed in the state court action on or about December 19, 2024; that pleading speaks for itself. Except as so admitted, denies.

## FIRST CLAIM FOR RELIEF (11 U.S.C. § 523(a)(2)(A))

29. Defendant incorporates his responses to paragraphs 1 through 28 as though fully set forth.

30. Paragraph 30 states a legal standard/conclusion to which no response is required; to the extent a response is required, denies that it establishes any nondischargeable debt of Defendant.

31. Denies.

32. Denies. Defendant denies making any false representation regarding his intentions or the car-wash enterprise.

33. Denies. Defendant intended to perform and did pursue the venture; he denies any intent to deceive.

34. Denies.

35. Denies.

36. Denies that any reliance was justifiable; lacks knowledge or information sufficient to form a belief as to Plaintiffs' subjective states of mind and on that basis denies paragraph 36.

37. Denies that Defendant's conduct proximately caused the alleged damages; the loss, if any, resulted from a failed business venture, not from fraud. Denies the remainder of paragraph 37.

38. Denies.

39. Denies.

40. Denies. Paragraph 40 states a legal conclusion; to the extent a response is required, denies that any debt is nondischargeable under 11 U.S.C. § 523(a)(2)(A).

## SECOND CLAIM FOR RELIEF (11 U.S.C. § 523(a)(6))

41. Defendant incorporates his responses to paragraphs 1 through 40 as though fully set forth.

5

ANSWER TO COMPLAINT

42. Paragraph 42 states a legal standard/conclusion to which no response is required; to the extent a response is required, denies it establishes any nondischargeable debt of Defendant.

43. States a legal conclusion to which no response is required.

44. Admits Plaintiffs contributed funds toward the WCCW venture in or about October 2023; the operating agreement and records speak for themselves. Except as so admitted, denies.

45. Denies. Defendant denies using or misapplying Plaintiffs' funds for his own use; the funds were applied to the venture.

46. Denies the characterization. Defendant denies any obligation to "return" contributed venture capital and denies any willful refusal.

47. Denies. Defendant denies acting as a "trustee" of Plaintiffs' funds, denies misapplication, and denies the alleged damages.

48. Denies each subpart. Defendant denies that any conversion occurred; the funds were contributed capital used in the venture, not property wrongfully taken.

49. Denies.

50. Denies. Defendant denies any subjective motive to injure Plaintiffs and denies knowledge that injury was substantially certain to occur.

51. Denies each subpart.

52. Denies. Paragraph 52 states a legal conclusion; to the extent a response is required, denies that any debt is nondischargeable under 11 U.S.C. § 523(a)(6).

Defendant denies that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

(Plaintiffs bear the burden of proving nondischargeability by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279 (1991). Exceptions to discharge are construed strictly against the creditor and in favor of the debtor.)

ANSWER TO COMPLAINT

1. FAILURE TO STATE A CLAIM. The Complaint fails to state a claim on which relief can be granted under 11 U.S.C. § 523(a)(2)(A) or (a)(6).

2. NO PERSONAL DEBT OF DEFENDANT. Plaintiffs invested as members of the operating limited liability company; any obligation arising from the venture is the company's, not Defendant's personal debt. There is no personal debt of Defendant to Plaintiffs to except from discharge, and Plaintiffs' alter-ego theory (paragraphs 9 through 11) is denied.

3. NO FALSE REPRESENTATION OR FRAUDULENT INTENT (§ 523(a)(2)(A)). The venture was a genuine, lawful business that failed; Defendant made no knowing false representation and had no intent to deceive. A representation of future performance is not actionable as fraud absent a present intent not to perform, which is denied.

4. THE ENTERPRISE OPENED AND OPERATED. The car wash opened and operated in 2024, and a car-wash business operates at the same site today. Plaintiffs themselves acknowledged its operation (including contemporaneous statements such as "Looking like a real car wash!" and by driving their own vehicles through the operating wash), defeating the central allegation that it "never opened" and any fraud or injury theory premised on that allegation.

5. FUNDS APPLIED TO THE VENTURE; NO CONVERSION (§ 523(a)(6)). The contributed funds were applied to the enterprise, as Plaintiffs' own financial records (ECF Nos. 12-3 and 12-4) reflect, and were not converted or retained by Defendant for personal use.

6. NO WILLFUL AND MALICIOUS INJURY. Section 523(a)(6) requires a deliberate or intentional injury, not merely a deliberate act that leads to injury. Kawaauhau v. Geiger, 523 U.S. 57 (1998). Business losses and alleged mismanagement are not willful and malicious injury, and Defendant had no intent to injure Plaintiffs.

7. FIRST MATERIAL BREACH AND PREVENTION OF PERFORMANCE. Plaintiffs committed the first material breach of the parties' agreement and prevented the venture's performance by refusing to contribute additional capital when required and by demanding that operations cease, then suing on the failure they caused. A party may not predicate a claim upon a failure of performance it caused or prevented.

7

ANSWER TO COMPLAINT

8. PLAINTIFFS' CONDUCT CAUSED THE LOSS. Any loss resulted from Plaintiffs' own failure to perform the marketing, branding, and accounting responsibilities they undertook as managers of the operating entity, their refusal to fund, and ordinary business and permitting causes, not from any wrongful act of Defendant.

9. CONTRIBUTIONS ARE NON-REFUNDABLE EQUITY. Under the limited liability company law and the agreements governing the venture, Plaintiffs' capital contributions were at-risk equity, not refundable or withdrawable on demand, and not a loan or deposit owed back; their loss, if any, is that of co-owners of a failed enterprise, not a debt converted or obtained by fraud.

10. NO JUSTIFIABLE RELIANCE (§ 523(a)(2)(A)). To except a debt as obtained by a false representation, a creditor must prove justifiable reliance on that representation. Field v. Mans, 516 U.S. 59 (1995). Plaintiffs were sophisticated co-venturers and managers of the operating entity, with access to its information and records; any reliance alleged was not justifiable.

11. ESTOPPEL AND WAIVER. Plaintiffs' own contemporaneous statements and conduct acknowledging the venture's operation estop them from, and constitute a waiver of, their contrary allegations.

12. FAILURE TO MITIGATE. Plaintiffs failed to mitigate their alleged damages, including by refusing to fund the venture and by demanding that it cease operations rather than allowing it to continue.

13. UNCLEAN HANDS / IN PARI DELICTO. As co-managers who shared responsibility for the venture and its operations, Plaintiffs' own conduct bars or reduces the equitable relief they seek.

14. DAMAGES UNPROVEN AND REDUCED; SETOFF RESERVED. Any claimed damages are speculative and unproven, were not proximately caused by Defendant, and are reduced by Plaintiffs' proportional share of the venture's losses and by the substantial capital and loan funds Car Wash Management, LLC contributed and advanced to the venture. To the extent any mutual debt exists, Defendant reserves all rights of setoff.

ANSWER TO COMPLAINT

15. DEBT IS DISCHARGEABLE. Defendant received a Chapter 7 discharge; any debt to Plaintiffs is dischargeable and not excepted from discharge under 11 U.S.C. § 523(a)(2)(A) or (a)(6).

16. NO ALTER EGO. Car Wash Management, LLC and the operating entity are separate legal entities; there is no basis to disregard their separate existence or to impute their conduct to Defendant individually.

17. RESERVATION OF ENTITY CLAIMS. The affirmative claims of Car Wash Management, LLC and the operating entity (breach of contract, breach of fiduciary duty by Plaintiffs as managers, repayment of the loan advanced to the venture, and an accounting) are reserved and not waived, and are asserted, if at all, by Car Wash Management, LLC through counsel in the State Action (Case No. 24CU003299C) and/or the contractually designated arbitral forum.

18. RESERVATION OF ADDITIONAL DEFENSES. Discovery is incomplete; Defendant reserves the right to assert additional defenses as they become known.

## PRAYER

WHEREFORE, Defendant prays:

1. That Plaintiffs take nothing by their Complaint;

2. That the Court determine the alleged debt is DISCHARGEABLE and not excepted from discharge under 11 U.S.C. § 523(a)(2)(A) or (a)(6);

3. That the Complaint be dismissed with prejudice;

4. For Defendant's costs of suit and, to the extent permitted by law, attorney's fees; and

5. For such other and further relief as the Court deems just and proper.

Dated: ___6/17___, 2026

_____

Andrew Paul Williams, Defendant and Debtor, In Pro Per

9

ANSWER TO COMPLAINT

Case No. 24-03761-CL 7 / Adv. Proc. No. 25-90005-CL

## CERTIFICATE OF SERVICE

I certify that on ___6/17___, 2026, I served the foregoing DEFENDANT-DEBTOR'S ANSWER TO COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT on counsel for Plaintiffs by electronic mail, addressed to: Martin A. Eliopulos (elio@higgslaw.com); Jake Sesti (sestij@higgslaw.com); and Linda Dominguez (dominguezl@higgslaw.com), Higgs Fletcher & Mack LLP.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on ___6/17___, 2026.

Andrew Paul Williams

10

ANSWER TO COMPLAINT